IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,335-01






EX PARTE JOSE JUAN MARQUEZ, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 02-00251-S IN THE 282ND DISTRICT COURT 

FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. See
Marquez v. State, AP-05-02-00530-CR, (Tex. App. - Dallas, 2003, pet. ref'd) (not designated for
publication). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to file a motion requesting that the case be transferred to juvenile court before jury selection
commenced as required by Article 4.18 of the Texas Code of Criminal Procedure. 

 On July 14, 2008, this application for a writ of habeas corpus was forwarded to this Court. 
On August 6, 2008, after a review of the record, this Court denied habeas relief on the basis of the
trial judge's findings without a hearing. On August 7, 2008, the trial judge entered an order
withdrawing his prior findings and requesting that this Court return this record to his court. He
explained that his initial findings had been entered prematurely. The trial judge believes that there
are further fact issues to be resolved and wants to hold an evidentiary hearing. 

 This Court has jurisdiction to reconsider this post-conviction application for a writ of habeas
corpus on its own initiative pursuant to Rule 79.2 (d) of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 79.2 (d). We believe that this case presents the rare instance where
reconsideration is warranted as the trial judge's entered his initial findings prematurely, has
withdrawn those findings, has determined that there are still fact issues to be resolved, and entered
an order indicating that he wants to hold an evidentiary hearing. We withdraw our prior disposition
and return this case to the trial judge so that he can resolve the remaining fact issues. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that counsel was ineffective for failing to file a motion challenging the district court's
jurisdiction before jury selection started as required by Article 4.18 of the Texas Code of Criminal
Procedure. The trial judge shall also make findings of fact as to whether Applicant was represented
by the same attorney on the motion for a new trial as he was during trial and, if so, whether counsel
was able to fully develop the record with regards to this claim on the motion for the new trial. 
Further, the trial judge shall make findings of fact as to whether this claim was fully litigated on the
motion for the new trial and on direct appeal. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The trial judge shall also
supplement the record with a copy of a transcription of the court reporter's notes from the hearing
on the motion for a new trial. Any extensions of time shall be obtained from this Court. 




Filed: September 24, 2008

Do not publish